UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES WILDER,<br><br>        Petitioner,<br><br>        v.<br><br>WARDEN,<br><br>        Respondent. | CAUSE NO.: 3:18-CV-761-RLM-MGG |

## OPINION AND ORDER

James Wilder, a prisoner without a lawyer, filed a habeas corpus petition challenging a prison disciplinary proceeding at the Indiana State Prison (ISP 18-06-0198) in which a disciplinary hearing officer found him guilty of "fleeing" in violation of Indiana Department of Correction Offense B-235. (ECF 1.) Among other sanctions, he received a credit class demotion. (ECF 5-4.)

The charge was initiated on June 15, 2018, when Officer T. Staples wrote a conduct report stating that she found a black cellphone in Mr. 0Wilder's bed area while conducting a shakedown. (ECF 5-1.) She told him numerous times to hand it over, but he said he wouldn't give her the phone and instead would flush it down the toilet. (*Id.*) Mr. Wilder started to walk towards the bathroom with Officer Staples following behind him telling him to stop. (*Id.*) She radioed for security. (*Id.*) Mr. Wilder flushed the phone down the toilet before security officers arrived. (*Id.*)

On June 21, 2018, Mr. Wilder was notified of the charge and provided a copy of the conduct report. (ECF 5-2.) He requested a lay advocate, and one was

later appointed to him. (ECF 5-2; ECF 5-3.) He also requested review of the surveillance video, stating "it was all a lie." (ECF 5-2.) Prior to the hearing, he was provided with the hearing officer's summary of the video evidence before the hearing. The summary said that the video showed Officer Staples leaving Mr. Wilder's bed area "following Inmate Wilder to the bathroom."[1] (ECF 5-5.) Security staff removed Mr. Wilder from the bathroom three minutes later. (*Id.*)

On June 28, 2018, the hearing officer held a hearing on the charge. (ECF 5-4.) Mr. Wilder pleaded not guilty and stated as follows: "Ain't nothing I can say that will matter." (*Id.*) After considering staff reports and the video evidence, the hearing officer found Mr. Wilder guilty. She imposed a sanction of restrictive house and a one-level demotion in credit class. (*Id.*) Mr. Wilder's administrative appeals were denied. (ECF 5-6; ECF 5-7.)

When prisoners lose earned time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charge; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539 (1974).

---

[1] The hearing officer noted that there was no video covering the search of Wilder's cell, because there was no camera in that area. (ECF 5-5.)

Mr. Wilder's first claim is articulated as follows: "I never ran from the officer. (Running is fleeing.) I never did that. Video supports that I never ran. Please read conduct report she never says I ran at any time." (ECF 1 at 2.) Giving the petition liberal construction, Mr. Wilder appears to challenge the sufficiency of the evidence. To satisfy due process, there must be "some evidence" to support the hearing officer's decision. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. . . . It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

Mr. Wilder doesn't deny that this incident occurred, but argues, in effect, that he couldn't be found guilty because there was no evidence that he ran away from the officer. (ECF 1 at 2; ECF 9.) "Running" isn't an element of fleeing under the Indiana Department of Correction Adult Disciplinary Code. (ECF 5-8.) Rather, the offense is defined simply as "[f]leeing or physical resisting a staff member in the performance of his/her duty." (*Id.*) By Officer Staples' account, Mr. Wilder walked away from her even though she told him to stop more than once, went to the bathroom, and flushed contraband down the toilet.

The confidential video submitted by the respondent supports Officer Staples' account. (ECF 7, 8.) It depicts Mr. Wilder walking briskly out of the area toward the bathroom, with Officer Staples following close behind. In the criminal context, Indiana courts have interpreted "fleeing" as "a knowing attempt to

3

escape law enforcement when the defendant is aware that a law enforcement officer has ordered him to stop or remain in place[.]" West v. State, 85 N.E.3d 608, 611 (Ind. Ct. App. 2017). The plain meaning of "flee" is to "run away," or to "hurry toward a place of security." *See Merriam-Webster Dictionary,* "Definition of *flee*," https://www.merriam-webster.com/dictionary/flee. Although Mr. Wilder may not have been actually running, he was clearly hurrying in an attempt to evade Officer Staples and dispose of the cell phone, even though she told him to stop. The court finds the evidence constitutionally sufficient.

It's not entirely clear, but Mr. Wilder may also be claiming that he was denied an impartial decisionmaker.[2] (*See* ECF 1 at 2; ECF 1-1 at 4.) Prison adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decisionmaker in the case. *Id.* Due process isn't violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id.*

Nothing in this record indicates that the hearing officer was involved in any way in the events underlying the charge. Mr. Wilder argues that the hearing officer was biased because she found him guilty, even though the charge was

---

[2] Wilder does not clearly articulate such a claim in the petition itself, but he appears to incorporate this claim by reference to his administrative appeal documents. (*See* ECF 1 at 2; ECF 1-1 at 1.) Out of an abundance of caution, the court considers this claim herein.

"unsupported by evidence." (ECF 1-1 at 1.) By itself, an adverse ruling doesn't establish improper bias. Liteky v. United States, 510 U.S. 540, 555 (1994). And as outlined above, there was constitutionally sufficient evidence in the record to support the hearing officer's finding. Mr. Wilder hasn't overcome the presumption that the hearing officer was impartial.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment in this case.

SO ORDERED on June 25, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
